UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA R. LETNER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-299-HAB-SLC |
| MICHELLE F. KRAUS, | |
| Defendant. | |

OPINION AND ORDER

Joshua R. Letner, a prisoner without a lawyer, filed a complaint alleging that an attorney who represented him in a criminal matter committed malpractice. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"Under Indiana law, the elements of legal malpractice are: (1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff." *Van Kirk v. Miller*, 869 N.E.2d 534, 540-541 (Ind. Ct. App. 2007) (quotation marks and citations omitted). "To establish

causation and the extent of harm in a legal malpractice case, the client must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence." *Alford v. Johnson Cnty. Comm'rs*, 92 N.E.3d 653, 662 (Ind. App. Ct. 2017) (quotation marks omitted). Letner's complaint alleges that he was represented by Michelle F. Kraus in a criminal matter. He wanted her to file a motion to suppress, but she refused. She presented him with a plea agreement, and he felt pressured to accept it. When he threatened to fire her, she threatened to ensure he received the worst lawyer possible if he terminated her, and she cursed at him and called him names. Letner does not indicate when these events occurred, if he ultimately fired Attorney Kraus, if he was represented by another attorney following Attorney Kraus, if his case has now been resolved, or (if it has been resolved) how it was resolved. But, it is too soon to consider whether Letner's allegations state a claim, because it is unclear whether this case is properly in federal court.

Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). For a federal court to hear a case with only state-law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is complete diversity of citizenship between Letner and Attorney Kraus. *See* 28 U.S.C. § 1332. Both aspects of diversity jurisdiction—citizenship and amount in controversy—require a closer look in this case.

Turning to citizenship first, Letner lists Attorney Kraus' address as being in Indiana and his address as being in Ohio, however he does not allege either his

2

citizenship or Attorney Kraus' citizenship. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). However, when determining a prisoner's citizenship, "since domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile; hence the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

"Courts have created a presumption favoring an individual's old, established domicile over a newly-acquired one." *Ziskind v. Fox*, No. 10 C 4102, 2010 WL 3516117, at *3 (N.D. Ill. Sept. 1, 2010). As the Seventh Circuit has noted:

> Unfortunately, in this age of second homes and speedy transportation, picking out a single state to be an individual's domicile can be a difficult, even a rather arbitrary, undertaking. Domicile is not a thing, like a rabbit or a carrot, but a legal conclusion, though treated as a factual determination for purposes of demarcating the scope of appellate review. And in drawing legal conclusions it is always helpful to have in mind the purpose for which the conclusion is being drawn. The purpose here is to determine whether a suit can be maintained under the diversity jurisdiction, a jurisdiction whose main contemporary rationale is to protect nonresidents from the possible prejudice that they might encounter in local courts.

*Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991). As the proponent of federal jurisdiction, Letner bears the burden to prove the facts underlying the basis for federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). The court cannot determine either Letner's or Attorney Kraus' citizenship based on the complaint.

Turning to the amount in controversy, Letner seeks $75,000 in damages, but he has not explained how Attorney Kraus' representation damaged him. Federal courts usually accept the allegations of damages in a plaintiff's complaint "unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Smith v. Am. Gen. Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, the court is unable to conclude whether the jurisdictional amount is met because Letner does not explain the basis for the claimed damages.

For these reasons, the court:

(1) ORDERS Joshua R. Letner to file supplemental briefing with any additional documentary evidence on subject matter jurisdiction as outlined in this order by **May 25, 2023**; and

(2) CAUTIONS Joshua R. Letner that, if he does not respond by the deadline, this case will be dismissed without further notice for lack of subject matter jurisdiction.

SO ORDERED on April 25, 2023.

                                            s/Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT