UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA R. LETNER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-299-HAB-SLC |
| MICHELLE F. KRAUS, | |
| Defendant. | |

OPINION AND ORDER

Joshua R. Letner, a prisoner without a lawyer, filed a complaint alleging that an attorney who represented him in a criminal matter committed malpractice. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). For a federal court to hear a case with only state-law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is

complete diversity of citizenship between Letner and Attorney Kraus. *See* 28 U.S.C. § 1332.

Letner's complaint did not allege either his citizenship or Attorney Kraus' citizenship, although he listed Attorney Kraus' address as being in Indiana and his address as being in Ohio. As explained in this court's April 25, 2023, order (ECF 8), for individuals, "state citizenship is determined by one's domicile" and domicile requires physical presence in a state with the intent to remain there. *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). "[S]ince domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile; hence the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). As the proponent of federal jurisdiction, Letner bears the burden to prove the facts underlying the basis for federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). The court could not determine either Letner's or Attorney Kraus' citizenship based on the complaint. Letner's allegation that the amount in controversy was $75,000 also required further explanation, as he did not explain how

Attorney Kraus' representation damaged him. The court provided Letner with an opportunity to file supplemental briefing with any additional documentary evidence on subject matter jurisdiction.

Letner has now filed his supplemental brief. ECF 9. He indicates that he is a resident of Indiana who intends to return to Fort Wayne, Indiana when his criminal matter is resolved. Despite the prior order indicating that the court could not determine either Letner's or Attorney Kraus' citizenship based on the complaint, Letner did not address Attorney Michelle Kraus' citizenship in his supplement. To the extent that Attorney Kraus, whose place of employment is in Fort Wayne, Indiana, is also a citizen of Indiana, Letner cannot establish diversity jurisdiction. Letner has not sustained his burden of pleading diversity of citizenship, and this case will therefore be dismissed for lack of subject matter jurisdiction.

For these reasons, the court DISMISSES this case WITHOUT PREJUDICE because it is frivolous to bring a claim in federal court without a plausible basis for federal jurisdiction.

SO ORDERED on May 5, 2023.

                                                s/Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT